UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IRAIDA MORALES,**

       **Plaintiff,**

**v.**                                                                                                               Case No:  6:18-cv-484-Orl-28GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

**REPORT AND RECOMMENDATION**

      Iraida Morales (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability benefits. Doc. No. 1. Claimant alleges a disability onset date of June 21, 2012. R. 93. Claimant argues that the decision of the Administrative Law Judge (the "ALJ") should be reversed because: 1) the ALJ violated her due process rights; 2) the ALJ did not apply the correct standards to the medical opinions; and 3) the ALJ did not apply the correct standards to Claimant's testimony regarding her pain and limitations. Doc. No. 15 at 12-14, 15-16, 18-20. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

      **I.**    **STANDARD OF REVIEW**

      The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS

Claimant argues that the ALJ's decision should be reversed because: 1) the ALJ violated her due process rights; 2) the ALJ did not apply the correct standards to the medical opinions; and 3) the ALJ did not apply the correct standards to Claimant's testimony regarding her pain and limitations. Doc. No. 15 at 12-14, 15-16, 18-20.

### A. Alleged Due Process Violation

Claimant argues that her due process rights were violated because she did not amend her disability onset date. Doc. No. 15 at 12-14. Claimant states, without citations to the record, that the ALJ's assistant called Claimant's representative and stated that if Claimant changed her disability onset date from June 21, 2012, to January 1, 2013, then "the ALJ would enter a fully favorable decision." *Id.* at 12. Claimant's representative sent a letter to the ALJ, which is in the

record, informing her that Claimant declined to change the onset date. R. 384. The letter makes no mention of the ALJ agreeing to award benefits if the onset date is changed. R. 384.

Claimant's argument is unsupported by either the record or legal authority. Although she cites cases regarding the general proposition that due process is the opportunity to be heard at a meaningful time and in a meaningful manner, Doc. No. 15 at 13, she does not cite any factually analogous cases. She also provides no record support for her contentions of fact. Therefore, it is recommended that the Court reject this argument. *See Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

### B.     The Medical Opinions

The ALJ afforded the opinions of the non-examining state agency physicians, Dr. Wayne Tillman and Dr. Joan F. Joynson, great weight. R. 23. Both Dr. Tillman and Dr. Joynson stated in assessing Claimant's mental residual functional capacity ("RFC") that Claimant is moderately limited in maintaining concentration, persistence, and pace, including in the following areas: (1) "ability to maintain attention and concentration for extended periods[;]" (2) "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances[;]" (3) "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods[;]" and (4) the "ability to interact appropriately with the general public." R. 86, 89, 99. Under the form including Dr. Tillman's assessments, "the actual mental [RFC] assessment is recorded in the narrative discussion(s) in the explanation text boxes." R. 88. In providing an additional explanation, Dr. Tillman stated that Claimant "can

understand and execute instructions and can maintain CPP and attendance and can adequately relate and adapt in work like settings." R. 90. Dr. Joynson stated that Claimant's attention and concentration were normal and affirmed Dr. Tillman's decision. R. 98, 99.

Claimant argues that despite affording these opinions great weight, the ALJ failed to consider the limitations that Dr. Tillman and Dr. Joynson assigned to her in determining Claimant's RFC. Doc. No. 15 at 15-16. The ALJ assigned Claimant the following RFC:

> [L]ess than the full range of light work as defined in 20 CFR 404.1567(b), with no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never ladders, ropes, or scaffolds. She should be able to sit up to 25% of the workday. The dominant hand can frequently handle. Avoid: overhead reaching, work at heights, work with dangerous machinery, constant vibration, constant temperatures over 90°F and under 40°F, and constant foot controls.

R. 16.

In *Jones v. Commissioner of Social Security*, 478 F. App'x 610, 612 (11th Cir. 2012), the RFC was that the claimant could perform and carry out simple and repetitive instructions and tasks on a sustained basis.[1] The claimant argued that the RFC was not supported by substantial evidence because two evaluating doctors checked a box on their mental RFC assessments indicating that the claimant was moderately limited in the ability to complete a normal workday or workweek without interruptions and perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* Under the Social Security Administration's Programs Operations Manual System (POMS), the boxes are part of a worksheet and not the doctors' actual RFC. *Id.* Checking the boxes does not indicate the degree or extent of the limitation and is only an aid to determining the actual RFC. *Id.* In elaborating on their findings, the doctors stated that the claimant "'retains adequate mental ability to carry out simple instr[uctions] and to relate

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

adequately to others in a routine work setting'" and "'appears mentally capable of well structured task activity.'" *Id.* (quoting the doctors' reports). Thus, the ALJ's RFC was supported by substantial evidence. *See id.*

As in *Jones*, here Dr. Tillman and Dr. Joynson found moderate limitations in concentration, persistence, and pace, but then more specifically concluded in their mental RFCs that Claimant is able to cope with work settings. R. 90, 99. Accordingly, the ALJ did not err in giving their opinions great weight, but not including any mental limitations in the RFC.

Claimant also argues that the ALJ's reason for affording great weight to Dr. Tillman and Dr. Joynson is not supported by substantial evidence. Doc. No. 15 at 15-16. In giving great weight to their opinions, the ALJ stated, "The treatment records of Dr. Soto-Perello and the consultative exam findings by Dr. Candela suggest that [C]laimant does not have any significant deficits in mental functioning." R. 23. Claimant argues that Dr. Candela opined that Claimant had moderate limitations in several areas regarding mental and psychological abilities.[2] Doc. No. 15 at 15-16. The portion of Dr. Candela's Medical Source Statement of Ability to Do Work Related Activities (Mental) ("Medical Source Statement") Claimant relies upon is the check-box section that, as mentioned above, is not the doctor's RFC. *Jones*, 478 F. App'x at 612. That same day Dr. Candela issued a report that contains his "functional assessment." R. 858-60. That assessment did not articulate any work-related limitations. R. 858-60. In addition, the Medical Source Statement defines "moderate" as the following: "There is more than a slight limitation in this area but the individual is still able to function satisfactorily." R. 872. Thus, the ALJ's

---

[2] Claimant does not contest the ALJ's characterization of Dr. Soto-Perello's records, but rather focuses solely on contradicting the ALJ's reliance on Dr. Candela's findings. Doc. No. 15 at 15-16.

characterization of Dr. Candela's findings in weighing the medical opinions of record is supported by substantial evidence.[3]

### C. Evaluating Claimant's Pain Testimony

Claimant argues that the ALJ's reasons for discrediting her testimony regarding her pain are not supported by substantial evidence. Doc. No. 15 at 18-20. The ALJ stated the following:

> In considering claimant's allegations of disability, the undersigned has considered multiple factors. While claimant received injections . . . into her thighs and underwent hemorrhoid ligation banding procedures, but the majority of her treatment has been conservative and non-aggressive. The claimant ran into difficulties finding effective medications that did not cause interactions with other drugs, however her medications were stabilized during the period at issue. The claimant's side effects were only mild. Additionally, complaints were not consistent with her objective signs. The claimant can perform activities that require concentration inconsistent with a disabling level of pain. The claimant is able to perform household chores, clean, bathe, and dress. In consideration of all these factors, the undersigned finds the claimant's allegations are not fully consistent with the medical evidence of record.

R. 24.

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see also* Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

---

[3] In a footnote, Claimant remarks that the ALJ stated in her decision that Dr. Candela opined that her ability to interact with supervisors, coworkers, or the public was not limited. Doc. No. 15 at 16 n.4. Claimant points to Dr. Candela's Medical Source Statement, in which he checked the boxes indicating that Claimant has moderate limitations in her ability to interact appropriately with co-workers and supervisors. R. 873. As discussed above, these checked boxes are not the actual RFC, and therefore the ALJ's error in overlooking them is harmless.

The first reason the ALJ gives for discrediting Claimant is that Claimant's "treatment has been conservative and non-aggressive." R. 24. Claimant does not argue that her treatment is not conservative, but instead argues that conservative treatment is consistent with her impairments, as there is no cure for fibromyalgia and the typical treatment is medication and self care. Doc. No. 15 at 18-19. Conservative treatment for fibromyalgia can be a legitimate basis to discredit a claimant's pain testimony, however. *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863–64 (11th Cir. 2017) (finding ALJ's reason of conservative treatment for discrediting the pain testimony of a claimant with fibromyalgia and other physical ailments was supported by substantial evidence, noting that her doctor "provided conservative treatment for [claimant's] pain and never indicated that she should have been receiving more or different treatments.").

The second reason the ALJ gave for discrediting Claimant's pain testimony is that "her medications were stabilized during the period at issue." R. 24. Claimant argues that her medications being stabilized does not lead to the conclusion that Claimant was not experiencing pain. Doc. No. 15 at 19. As with conservative treatment, Claimant does not dispute that her medications stabilized. *Id.* Claimant's medications being stabilized does not necessarily mean that Claimant no longer suffered such pain that she could work full time. *Stricklin v. Astrue*, 493 F. Supp. 2d 1191, 1197 (N.D. Ala. 2007) (reversing ALJ's decision because credibility determination was not supported by substantial evidence, stating, "That the plaintiff's medications were helping relieve his symptoms does not follow to the ALJ's conclusion that the plaintiff's symptoms were reduced to the point w[h]ere he could maintain full-time employment.").

The ALJ's third reason for discrediting Claimant's pain testimony is that she suffered only mild side effects from her medications. R. 24. Prior to making that finding, the ALJ

summarized the medical record and provided citations to the record regarding prescribed medications and side effects. R. 17-22. Claimant fails to articulate how the ALJ's third reason is not supported by substantial evidence.

The ALJ's fourth reason for discrediting Claimant's pain testimony is that Claimant's "complaints were not consistent with her objective signs. The claimant can perform activities that require concentration inconsistent with a disabling level of pain. The claimant is able to perform household chores, clean, bathe, and dress." R. 24. In contesting this reason, Claimant points to the medical records from Dr. Sheikh containing "significant issues with [Claimant's] wrists, hands, knees, ankles, feet, joints, and trigger points." Doc. No. 15 at 19. Finally, Claimant argues that the activities listed by the ALJ take her longer to perform, she has trouble performing them, and doing everyday activities for a short period of time does not disqualify one from disability. *Id.* (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997).

The ALJ did not specify what "objective signs" she was referring to when stating that Claimant's complaints were not consistent with them. To the extent that the ALJ was referring to Claimant's ability to do chores, clean, bathe, and dress, such is insufficient to discredit Claimant's testimony. Engaging in activities of daily living of short duration, including housework, is not a sufficient basis standing alone to find a claimant's subjective statements not credible. *See Foote*, 67 F.3d at 1561 (citing to some of claimant's activities of daily living is not sufficient to support conclusion that pain does not affect RFC); *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (participation in everyday activities for short periods of time do not disqualify a claimant from disability); *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) ("Housework, light cooking, and light grocery shopping are minimal daily activities," and "are not dispositive evidence of one's ability to perform sedentary work."); *Bennett v. Barnhart*,

288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) ("It is not necessary for a plaintiff's pain to render her bed ridden in order for her to disabled."). Thus, the fact that Claimant admitted to performing some minimal activities of daily living is not substantial evidence supporting finding Claimant's pain testimony not credible.

Substantial evidence supports discrediting Claimant's testimony regarding her pain based on her conservative treatment and lack of side effects. Thus, some of the ALJ's reasons for not fully crediting Claimant's allegations regarding her pain are supported by substantial evidence, while others are not. The standard of review this Court must follow is whether the decision is supported by substantial evidence, which is more than a scintilla and such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote*, 67 F.3d at 1560. Because the ALJ articulated reasons for discrediting Claimant that are supported by substantial evidence, it is recommended that the Court reject Claimant's argument that the ALJ's decision should be reversed based on an erroneous credibility determination. *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 917-18 (11th Cir. 2015) ("The ALJ's discussion of other inconsistent statements, . . . even if erroneous, was harmless, since substantial evidence supports the ALJ's credibility finding."); *Pouyadou v. Colvin*, No. CIV.A. 13-00171-N, 2013 WL 5934495, at *7 (S.D. Ala. Nov. 5, 2013) (finding that, although three of the ALJ's reasons for discrediting the claimant's credibility out of the five given were not sufficient, "the multiple proper reasons for discounting [the claimant's] credibility, all of which are supported by substantial evidence, necessitate a finding of no error.").

### III.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on December 11, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

Marcia Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Jerome Albanese, Branch Chief
Jennifer McMahon, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801