# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IRAIDA MORALES,**

    **Plaintiff,**

v.                                                     **Case No: 6:18-cv-484-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This case is before the Court on the Complaint filed by Plaintiff seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits (Doc. No. 1) (filed March 29, 2018). The United States Magistrate Judge has submitted a report recommending that the final decision be affirmed.

After an independent *de novo* review of the record in this matter, and consideration of the objections to the report filed by Plaintiff (Doc. No. 17),[1] the Court overrules Plaintiff's objections and agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Plaintiff argues two objections to the report: 1) the Administrative Law Judge ("ALJ") violated her due process rights; and 2) the ALJ failed to apply the correct legal standards to her testimony regarding her pain and limitations.[2] The Court specifically addresses only

---

[1] Defendant filed no objections or a response to Plaintiff's objections and the time to do so has passed.

[2] This Court agrees with the analysis of the Magistrate Judge in the Report and Recommendation as to these objections.

Plaintiff's first objection. Plaintiff argues that because she declined to change the onset date of her disability at the request of the ALJ, she was deprived of her due process rights. (Doc. 17 at 2). The hearing before the ALJ at issue here was held on December 12, 2016. (Doc. 13-2 at 11). At that hearing, the ALJ heard from Plaintiff and a vocational expert. (Id.). Plaintiff was represented at the hearing by an attorney. (Id.). At the conclusion of the hearing, the ALJ asked Plaintiff "is there anything that you feel we did not cover that you want me to know?" Plaintiff replied: "No." (Doc. 13-2 at 54). The ALJ's decision was issued on March 24, 2017, denying Plaintiff relief. (Doc. 13-8 at 3). Plaintiff then appealed the decision to the Appeals Council. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby rejecting Plaintiff's due process violation argument.

In her Representative Brief to the Appeals Council dated April 27, 2017, Plaintiff asserted that the ALJ's hearing assistant contacted her representative's office to see if Plaintiff would be agreeable to amending her alleged onset date from June 21, 2012 to January 1, 2013. (Doc. 13-8). Plaintiff understood that if she did so, the ALJ would enter a fully favorable decision. (Id.). After consultation with her representative, Plaintiff responded to the ALJ by letter dated February 3, 2017 declining to amend her onset date of disability. (Doc. 13-7 at 105). Plaintiff's February 3, 2017 letter did not refer to the alleged offer of a favorable decision in return for Plaintiff changing her claimed onset date of disability. Rather, the letter explained Plaintiff's earnings and leave from work in 2012, and asked "[i]f there is another reason why you believe the onset date should be amended to January 1, 2013, please contact me so I can re-confer with my client." (Id.). The Representative Brief states "[t]he undersigned never received any type of response or correspondence from the ALJ regarding this issue." (Doc. 13-8 at 3).

2

There are three problems with Plaintiff's argument that she was denied process. First, the allegation that the ALJ offered to give a fully favorable decision in exchange for Plaintiff changing her onset date first appears in the April 27, 2017 Representative Brief. The ALJ's decision was issued a month earlier—on March 24, 2017. (Doc. 13-8 at 3). Therefore, there was no reference to the allegation in the record upon which the ALJ's decision was based.

Second, even if the ALJ had been presented with the allegation that the ALJ's assistant had improperly solicited an offer to change the disability date, Plaintiff's process argument lacks merit. Plaintiff relies on <u>Lindsey v. Barnhart</u> to argue that "[o]bviously it would be improper for the ALJ to refuse to award [Plaintiff] social security benefits based on [Plaintiff's] refusal to amend his onset date." 161 F. App'x 862, 870 (11th Cir. 2006). (Doc. 17 at 3). But there was nothing in the record before the ALJ to indicate that the ALJ's denial of benefits was based on Plaintiff not agreeing to amend her onset date. The record does include the February 3, 2017 letter in which Plaintiff's representative explained Plaintiff's decision to not change her onset date, setting forth her wages for 2012 and her absences and leave from work that year. (Doc. 13-7 at 105). In the letter, Plaintiff specifically asked if there was another reason for the request, to let her know so she could consider it. (<u>Id.</u>). The ALJ's office did not respond. (Doc. 13-8 at 3). It thus appears that the reason for the ALJ's request was tied to Plaintiff's work and salary for the claimed onset year of 2012.

Finally, there is nothing in the record to indicate Plaintiff did not receive a fair and impartial hearing. As an initial matter, "[t]here is a 'presumption of honesty and integrity in those serving as adjudicators.'" <u>Martinez v. Acting Comm'r of Soc. Sec.</u>, 660 F. App'x 787,

794 (11th Cir. 2016)(quoting Withrow v. Larkin, 421 U.S. 35, 47 (1975)). And it is noteworthy that Plaintiff asserted at the hearing that there was no further evidence she wished to present to the ALJ.

In the end, there is no evidence supporting Plaintiff's argument that the ALJ was biased because Plaintiff declined to amend the alleged onset date. While an offer to enter a fully favorable decision if Plaintiff changed her onset date is arguably improper, there is nothing in the record to suggest that the ALJ held Plaintiff's non-agreement to amend her onset date against her. See Lindsey, 161 Fed. Appx. at 870 ("the ALJ simply stated that it believed that Lindsey had made a sufficient showing of a disability as of the age of 60. Although it was arguably improper for the ALJ to make such an offer, nothing in the record suggests that the ALJ held Lindsey's refusal to amend his onset date against him."). And, notably, Plaintiff did not outright refuse to amend her onset date. Her February 3, 2017 letter allowed the ALJ to present "another reason" to Plaintiff to reconsider her position on the matter. (Doc. 13-7 at 105).

To the extent Plaintiff raises a due process argument, the Court is not persuaded. Plaintiff has not demonstrated that she was prejudiced by the ALJ's request for her to reconsider her onset date or that she was otherwise deprived of a fair and impartial hearing. The Court finds that the ALJ's decision is based on substantial evidence as presented to her at the December, 2016 hearing.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed December 11, 2018 (Doc. No. 16) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The final decision of the Commissioner is **AFFIRMED**.

3. The Clerk of the Court is directed to enter judgment consistent with this Order and to thereafter close this file.

**DONE** and **ORDERED** in Orlando, Florida, on February 5, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record